[Cite as *State v. Hill*, 2026-Ohio-2889.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HOWARD HAMILTON HILL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0051

---

Criminal Appeal from the
Columbiana County Municipal Court, of Columbiana County, Ohio
Case No. 2025 CRB 173

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, and *Atty. Jennifer McLaughlin Bonish,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Ronald D. Yarwood*, DeGenova & Yarwood, Ltd., for Defendant-Appellant

Dated: July 24, 2026

**WAITE, P.J.**

{¶1}   Appellant Howard Hamilton Hill appeals a November 17, 2025 judgment entry of the Columbiana County Municipal Court convicting him of engaging in prostitution and possession of criminal tools.   Appellant argues that the engaging in prostitution statute is unconstitutionally vague, overbroad, and violates his right to privacy.   Because we have recently rejected these same arguments in multiple cases and the Ohio Supreme Court has declined jurisdiction over those cases, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2}   On February 7, 2025, law enforcement officers arrested Appellant after a prostitution sting operation.   Although many facts surrounding the conduct and subsequent arrest are not within the record because the parties resolved the matter through a plea deal, it appears that Appellant had responded to an advertisement found on a website called "Skip the Games" which offers various prostitution and escort services.   Appellant responded to an advertisement on this site which was created by a law enforcement application that generates phone numbers and creates phone records for undercover work.

{¶3}   Appellant called or texted the number and spoke to an undercover police officer whom he believed to be a prostitute.   During the conversation, Appellant agreed to pay $140 in exchange for sexual services.   When Appellant arrived for his assignation, he was arrested.   Consequently, he was charged with one count of engaging in prostitution services, a misdemeanor of the first degree in violation of R.C. 2907.231(B),

and one count of possessing criminal tools, a misdemeanor of the first degree in violation of R.C. 2923.24.

{¶4}   On October 27, 2025, Appellant filed a motion to dismiss the charges on the basis that the engaging in prostitution statute is unconstitutionally vague and overbroad, as well as violative of protected privacy rights.   On November 13, 2025, the trial court overruled his motion.

{¶5}   On November 17, 2025, the court held a hearing where defense counsel addressed three cases that contain similar fact patterns and were pending before this Court:   *State v. Gore,* 2026-Ohio-1488 (7th Dist.); *State v. Clavin,* 2026-Ohio-325 (7th Dist.); and *State v. George,* 2026-Ohio-324 (7th Dist.)*.*   Appellant sought to enter a no contest plea with the intention of appealing his decision pending outcome of those cases. The trial court accepted his no contest plea and immediately proceeded to sentencing. As to engaging in prostitution, the court imposed a ninety-day suspended jail sentence, a two-year probation term, and a $250 fine.   For possession of criminal tools, the court imposed a $250 fine.   The court stayed Appellant's sentence pending the instant appeal. It is from this entry that Appellant timely appeals.

{¶6}   Since the time of Appellant's hearing, we have released our Opinions in *Gore, Clavin,* and *George.*   In each Opinion, we unanimously held that the engaging in prostitution statute was constitutional and not overbroad, vague, or violative of protected rights to privacy.   After filing his notice of appeal, Appellant sought a stay in the instant matter pending the Ohio Supreme Court's decision in the further appeals of *Clavin* and *George.*   *Gore* was not appealed to the Ohio Supreme Court.   However, as the Ohio

Supreme Court had not yet ruled on whether to accept jurisdiction in those cases at the time of the motion, we denied the motion for stay, finding it to be premature.

{¶7}  Since that time, the Ohio Supreme Court has declined jurisdiction in the two cases in which discretionary appeals were filed, *State v. George,* 2026-Ohio-1880; *State v. Clavin,* 2026-Ohio-1880.

ASSIGNMENT OF ERROR NO. 1

The trial court erred in failing to find Ohio Revised Code 207.231(B) unconstitutionally vague in violation of the Ohio and United States Constitutions.

{¶8}  Appellant contends that the engaging in prostitution statute is unconstitutionally vague.  He contends that the statute criminalizes "sexual activity for hire" which includes "an implicit or explicit agreement to provide sexual activity in exchange for anything of value."  Appellant argues that an ordinary citizen cannot discern what kind of sexual activity may be illegal based on this definition.

{¶9}  In response, the state cites to our recent decisions in *Gore, Clavin,* and *George.*  In accord with those cases, the state contends that Appellant offered and agreed to pay $140 for sexual services, thus his conduct falls squarely within the conduct prohibited by statute.  Hence, he cannot succeed on a vagueness argument.

{¶10} The statute at issue is found in R.C. 2907.231(B), which provides: "[n]o person shall recklessly induce, entice, or procure another to engage in sexual activity for hire in exchange for the person giving anything of value to the other person." Although

the statute does not define "anything of value," it has been defined through R.C. 1.03, and includes money.

**{¶11}** The interpretation of a statute presents a question of law and is reviewed *de novo*. *State v. Bielski*, 2013-Ohio-5771, ¶ 8 (7th Dist.). Statutes are presumed constitutional. *Sorrell v. Thevenir*, 69 Ohio St.3d 415, 418-419 (1994). In order to overcome this presumption, the challenger must "meet the burden of establishing beyond a reasonable doubt that the statute is unconstitutional." *Bielski* at ¶ 9, citing *State v. Tooley*, 2007-Ohio-3698, ¶ 29.

**{¶12}** The "void-for-vagueness" doctrine implicates due process concerns, as laws must "provide fair notice and prevent arbitrary enforcement." *In re Columbus S. Power Co.*, 2012-Ohio-5690, ¶ 20. Accordingly, for a statute to be upheld as constitutional, it must: (1) provide fair warning about what conduct is proscribed, (2) preclude arbitrary, capricious, and discriminatory enforcement, and (3) not unreasonably impinge on constitutionally protected rights. *Huron v. Kisil*, 2025-Ohio-2921, ¶ 11, citing *State v. Collier*, 62 Ohio St.3d 267, 269-270 (1991); *State v. Tanner*, 15 Ohio St.3d 1, 3 (1984); *Grayned v. Rockford*, 408 U.S. 104, 108-109 (1972); and *United States v. Williams*, 553 U.S. 285, 304 (2008).

**{¶13}** A party challenging a statute as unconstitutionally vague must demonstrate that "the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " *Kisil* at ¶ 10, quoting *Columbus Power* at ¶ 20; *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991); *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971). A person raising a constitutional challenge "cannot mount a successful void-

for-vagueness challenge if his conduct clearly falls within the activities proscribed by law." *Kisil* at ¶ 15.

**{¶14}** Statutes promoting health, safety, and welfare are afforded a strong presumption of constitutionality. *Kisil* at ¶ 11, citing *Anderson* at 171; *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159 (1967). However, laws imposing criminal sanctions require more stringent review because the penalties are more severe. *Kisil* at ¶ 11, citing *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-499 (1982) and *Columbus Power* at ¶ 13.

**{¶15}** Recently, we addressed Appellant's exact arguments in *Gore, supra; Clavin, supra,* and *George, supra*. In *George*, we found that the appellant's conduct fell plainly within the purview of the statute, as he sought out prostitution-based sexual services from the same website at issue as in the instant case. *Id*. at ¶ 18. During his phone call with an undercover officer, the appellant not only sought sexual services but agreed upon a price of $100 for those services. Again, the statutory definition includes monetary exchange. Because the agreed upon $100 price for the sexual services the appellant sought is "anything of value," we held that the appellant's conduct fell squarely within that definition. Hence, the appellant could not sustain a challenge to the statute based on vagueness claims. *Id*. at ¶ 9.

**{¶16}** The identical issue arose in *Clavin*. The appellant in that case also sought services on the same website and agreed to pay $140 in exchange for those services. *Id*. at ¶ 18. Because the appellant agreed to pay $140, which is definitionally "anything of value," we held that he could not sustain a vagueness claim. *Id*. at ¶ 18.

**{¶17}** In *Gore*, the appellant agreed on a rate of $240 in exchange for sexual services. Because the conduct fell squarely within the confines of the statute's prohibited acts by definition, this appellant could not successfully challenge the statute.

**{¶18}** Here, Appellant offered to pay $140 for services, which was agreed to by the undercover officer, posing as a prostitute. Because the offer and subsequent agreement to pay $140 clearly falls within the statute's definition of "anything of value," Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

The trial court erred in failing to find Ohio Revised Code 2907.231(B) unconstitutionally overbroad, in violation of the Ohio and United States Constitutions.

**{¶19}** Appellant contends that the engaging in prostitution statute is overly broad as he believes it provides no distinction between acts that constitute illegal prostitution versus acts that are considered legal sexual activity. While Appellant concedes that the statute is designed to combat human trafficking and that this is a legitimate government interest, he believes that the statute is not narrowly tailored to address that interest without intruding into consensual, private relationships.

**{¶20}** First noting that overbreadth arguments are reserved for First Amendment issues, the state clarifies that this case does not involve a protected speech issue. Instead, the statute criminalizes the act of payment for sexual activity. Even so, the state contends that a statute is not overbroad merely because a person can conceivably come up with a scenario where a statute could have some impermissible application. Again,

the state points to our decisions in *Gore, Clavin,* and *George* where the statute was not found to be unconstitutionally overbroad.

**{¶21}** "When a court applies the overbreadth doctrine, the statute or ordinance in question is declared to be facially invalid. For this reason, it has been said that the overbreadth doctrine is 'manifestly strong medicine' that is employed sparingly, and only as a last resort." (Internal citations omitted.) *State v. Adams*, 2004-Ohio-3199, ¶ 13, (7th Dist.), citing *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).

**{¶22}** A party asserting a First Amendment overbreadth challenge must show that "a substantial number of [the law's] applications are unconstitutional, judged in relation to [the law's] plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010). "The first step in overbreadth analysis is to construe the challenged [law]; it is impossible to determine whether a [law] reaches too far without first knowing what the [law] covers." *United States v. Williams*, 553 U.S. 285, 293 (2008).

**{¶23}** This issue has already been resolved in *Gore, Clavin,* and *George,* where we explained that the statute does not affect a constitutionally protected right and that any speech related aspect is limited to the act of arranging the sexual activity. Nonetheless, we held that the engaging in prostitution statute is narrowly tailored to prohibit the act of hiring a person for purposes of engaging in sexual activity in exchange for something of value, which is designed to combat human trafficking. *Gore* at ¶ 31; *George* at ¶ 28; *Clavin* at ¶ 28. Accordingly, Appellant's second assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 3

The trial court erred in failing to recognize that Ohio Revised Code 2907.231(B) violates Appellant's fundamental right to liberty and privacy under the Due Process Clauses of the Ohio and United States Constitutions.

{¶24} Citing several U.S. Supreme Court cases, Appellant contends that the engaging in prostitution statute interferes with his protected right to engage in private, consensual sexual activity.

{¶25} The state counters by explaining that the statute is designed to bring Ohio law into compliance with federal law. The state points out that in the limited challenges to the statute, courts have all found the statute to be constitutional.

{¶26} Where the constitutionality of a statute is challenged, it must be established "beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State v. Grevious*, 2022-Ohio-4361, ¶ 9, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus. Any "doubts regarding the validity of a legislative enactment are to be resolved in favor of the statute." *State v. Gill*, 63 Ohio St.3d 53, 55 (1992).

{¶27} There are two types of First Amendment challenges: a challenge to the statute on its face, and a challenge to the statute as applied to a specific circumstance. In the event of a facial challenge, "the challenging party [must] show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of

conduct is specified at all.' " *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971). If the challenge is as applied, the challenger must demonstrate that the "application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional." *State v. Lowe*, 2007-Ohio-606, ¶ 17.

**{¶28}** Here, Appellant seeks to challenge the constitutionality of the statute prohibiting engaging in prostitution on its face. Again, we have already held that none of the cases cited by Appellant create a right to engage in prostitution. In those cases we applied the rational basis test, finding that the statute is rationally related to the state's interests in protecting public safety, controlling a possible health hazard, and preventing the sexual commercialization of children or those unable to provide consent. *Gore* at ¶ 36; *George* at ¶ 46; *Clavin* at ¶ 46. Nothing in Appellant's arguments or legal citations raise any reason to revisit our earlier holding. Accordingly, Appellant's third assignment of error is without merit and is overruled.

## Conclusion

**{¶29}** Appellant argues that the engaging in prostitution statute is unconstitutionally vague, overbroad, and violative of his right to privacy. Because we recently rejected these same arguments in multiple case, and the Ohio Supreme Court has refused jurisdiction in the cases which sought further review, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

Hanni, J. concurs with concurring opinion.

Case No. 25 CO 0051

Hanni, J., concurring.

{¶30} I concur with the majority that Appellant's assignments of error in this case lack merit. However, I write separately to note that while R.C. 2907.231(B) has survived constitutional challenges thus far, its language could present possible vagueness, overbreadth and due process issues under more appropriate circumstances.

{¶31} In the last few months, we have decided at least three cases very similar to the one at bar. *See State v. Gore*, 2026-Ohio-1488 (7th Dist.); *State v. Clavin*, 2026-Ohio-325 (7th Dist.); *State v. George*, 2026-Ohio-324 (7th Dist.). In each, as well as the instant case, the Appellant challenged R.C. 2907.231(B) based on vagueness, overbreadth, and a violation of due process.

{¶32} And in each, we found no constitutional violations. We held that each Appellant could not sustain a vagueness challenge because his conduct fell plainly within the statute's confines. We held that an overbreadth challenge failed because the statute only minimally affected speech and it was narrowly tailored to prohibit the conduct of hiring a person for engaging in sexual activity for something of value. And finally, we held that the statute did not violate due process on its face because it did specify particular conduct and it was rationally related to the state's interests in public safety, controlling a possible health hazard, and preventing the sexual commercialization of children or those unable to consent.

{¶33} However, with each case, a closer examination of the statute reveals that appropriate circumstances could present closer constitutional challenges. For instance, while we have held that R.C. 2907.231(B) is not void for vagueness, the main reason for our decision was that the Appellants' monetary exchanges squarely fell within the definition of "anything of value." R.C. 1.03 provides definitions of "anything of value" that

apply to R.C. 2907.231(B). But the last definition under R.C. 1.03 of "anything of value" as "every other thing of value" is actually no definition at all. For instance, mutual marriage covenants could constitute "every other thing of value," and meet this vague definition.

**{¶34}** Appropriate factual circumstances could also present more significant constitutional overbreadth or due process challenges to the statute. The Appellants in the cases before us challenged the statute on its face. This fails because the statute bears a rational basis related to the state's interests in protecting public safety and preventing the sexual commercialization of children and those who cannot consent. However, an "as applied" challenge may present different challenges as the language of the statute may also govern intimate consensual conduct that may occur before or after adults mutually enjoy dinner, entertainment, or even an engagement.

**{¶35}** Accordingly, I concur in the majority opinion in this case that Appellant's conviction under R.C. 2907.231(B) was not a violation of his constitutional rights.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Columbiana County Municipal Court, of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**